IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD FISHER, | ) | |
|     Petitioner, | ) | Civil Action No. 7:12-cv-00062 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHRISTOPHER ZYCH, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Richard Fisher, a Jamaican citizen and District of Columbia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he is being unlawfully detained. Upon review of this matter, I find that Fisher's claim has no merit and, therefore, I will grant respondent's motion to dismiss.

**I.**

On November 21, 1997, the Superior Court of the District of Columbia convicted Fisher of second degree murder while armed, possessing a firearm during a crime of violence, and carrying a pistol without a license. The court sentenced Fisher to a total term of 20 years to life.[1] The Federal Bureau of Prisons ("BOP") calculated Fisher's parole eligibility date to be December 23, 2009. On March 31, 2002, before Fisher became eligible for parole, federal immigration authorities filed a detainer against Fisher.

On April 30, 2009, the United States Parole Commission ("Commission") conducted Fisher's first parole hearing. The Commission ultimately denied Fisher parole and continued him to a reconsideration hearing in December 2012, 36 months after his parole eligibility date. However, by Notice of Action on August 10, 2009, the Commission modified the continuance to a reconsideration hearing in June 2011, 18 months after his parole eligibility date.

---

[1] This term consists of 15 years to life on the second degree murder conviction, a consecutive term of 5 to 15 years on the possession of a firearm conviction, and a concurrent term of one year on the carrying a pistol without a license conviction.

On November 25, 2009, an immigration court in York, Pennsylvania, ordered removal of Fisher to Jamaica. Fisher remained incarcerated in the BOP.

On June 16, 2011, the Commission conducted a reconsideration hearing concerning Fisher's parole suitability. The Commission again denied Fisher parole and continued a reconsideration hearing to June 2012, after Fisher had served an additional 12 months.

Fisher argues that upon the immigration court's entry of the removal order in November 2009, the BOP should have released Fisher from his term of incarceration and deported him to Jamaica. Fisher maintains that the BOP has no authority to detain him.

## II.

For the reasons stated herein, I find that Fisher is lawfully detained pursuant to his 1997 criminal judgment from the Superior Court of the District of Columbia and, therefore, I will grant respondent's motion to dismiss.

In 1997, Fisher was convicted of and sentenced on various crimes in the Superior Court of the District of Columbia. There is no evidence that any of those convictions or sentences have been overturned. Although Fisher is parole-eligible, he is still obligated to serve the terms of imprisonment imposed until he is released from custody on these terms by the Commission.[2] The Commission is solely authorized by law to make parole release decisions for District of Columbia offenders who are eligible for parole release.[3] *Fisher v. Fulwood*, 774 F.Supp.2d 54, 55-56 (D.D.C. 2011). Based on the record before me, it appears that Fisher has consistently

---

[2] To the extent that Fisher argues that he is entitled to parole release as soon as he completed service of his minimum sentences and was eligible for parole, he is mistaken. Completion of the minimum terms of incarceration only allows the Commission to exercise its discretion to determine a prisoner's suitability for parole. Parole eligibility is determined by the sentences imposed by the sentencing judge, and the prisoner's suitability for release is left to the Commission. *Sellmon v. Reilly*, 551 F.Supp.2d 66, 69-70 (D.D.C. 2008).

[3] The United States Parole Commission was vested with the authority to administer the District of Columbia's parole system on August 5, 1998. *See* National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a) (1)).

2

received parole hearings since the time he became eligible and Fisher does not allege that the hearings have not complied the Constitution or laws. *See Garcia v. Neagle*, 660 F.2d 983, 988-89 (4th Cir. 1981) (finding that parole decisions are only subject to review for compliance to the Constitution, statutory law, and published regulations). After several hearings, the Commission has yet to determine that Fisher should be released from his sentences. Accordingly, I find no evidence that Fisher is unlawfully detained by the BOP.

On March 31, 2003, federal immigration authorities filed a detainer against Fisher and on November 25, 2009, an immigration court ordered Fisher's deportation to Jamaica. While Commission regulations allow for the parole release of an offender under the Commission's jurisdiction to the custody of immigration authorities for deportation, the release is conditioned on the desire of the Commission to release the prisoner, and release to an immigration detainer is not mandated. *See* 28 C.F.R. § 2.32(b), ("When the Commission *wishes* to parole a prisoner subject to a detainer filed by Federal immigration officials . . . .") (emphasis added). In this case, the Commission has not yet chosen to parole Fisher to immigration authorities and they are not obligated to parole him because of the immigration court order.[4]

Fisher has not demonstrated that his District of Columbia sentences are invalid or that he has been paroled by the Commission. Fisher also has not shown that the immigration court's order for Fisher's removal to Jamaica in some way trumps Fisher's valid criminal convictions

---

[4] Further, the" law is clear that while [an alien] is still serving his state sentence, the Attorney General is under no obligation to execute a deportation order. *Duamutef v. I.N.S.*, 386 F.3d 172, 179 (2d Cir. 2004). In fact, the Attorney General generally may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment. *See* 8 U.S.C. § 1231(a)(4)(A); *Escobar v. U.S. Dep't of Justice*, No. 05-0048, 2005 U.S. Dist. LEXIS 8140, *3, 2005 WL 1060635, *1 (E.D. Pa. May 5, 2005). "No cause or claim may be asserted under [8 U.S.C. § 1231(a)(4)] against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." *Escobar*, 2005 U.S. Dist. LEXIS 8140, *3; 8 U.S.C. § 1231(a)(4)(D). Therefore, immigration authorities may not remove Fisher until he is released by the Commission on his multiple sentences, and he is precluded from bringing an action seeking to compel removal proceedings. *See* 8 U.S.C. § 1231(a)(4)(D).

and sentences. Accordingly, I find that Fisher has not established that he is being unlawfully detained by the BOP and, thus, I will grant respondent's motion to dismiss.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTER:** This 30th day of November, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE